# EXHIBIT A

1  Grace E. Parasmo (SBN 308993)
   gparasmo@parasmoliebermanlaw.com
2  Yitzchak H. Lieberman (SBN 277678)
   ylieberman@parasmoliebermanlaw.com
3  PARASMO LIEBERMAN LAW
   7400 Hollywood Blvd, #505
4  Los Angeles, CA 90046
   Telephone: 646-509-3913
5  Facsimile: 877-501-3346

6
   *Attorneys for Plaintiffs Brian Vester*
7  *and Joel Morales, individually and on*
   *behalf a class of similarly situated individuals*
8
9  (Additional counsel on signature page)

10

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

**DEC 1 5 2016**

BY _____
ANTHONY MARTINEZ, DEPUTY

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  COUNTY OF SAN BERNARDINO

13                    (UNLIMITED JURISDICTION)

14  BRIAN VESTER, and JOEL MORALES,        | **CASE NO.** _____ CIVDS1621355
    individually and on behalf of all others |
15  similarly situated,                     |
                                             | **PLAINTIFFS' CLASS ACTION**
16                                           | **COMPLAINT FOR DAMAGES AND**
                                             | **INJUNCTIVE RELIEF:**
17                  Plaintiffs,             |
                                             | **(1) FAILURE TO PAY FOR ALL TIME**
18                                           | **WORKED (VIOLATION OF CAL.**
                                             | **LABOR CODE §§ 1194, 1194.2, 226.2)**
19            v.                             |
                                             | **(2) FAILURE TO PROVIDE MEAL AND**
20                                           | **PAID REST PERIODS AND/OR PAY**
                                             | **PREMIUMS (VIOLATION OF CAL.**
21  WERNER ENTERPRISES, INC. AND            | **LABOR CODE §§ 226.7, 512 AND**
    DRIVERS MANAGEMENT LLC,                 | **SECTIONS 11 AND 12 OF IWC**
22                                           | **ORDER NO. 9)**
              Defendants.                   |
23                                           | **(3) FAILURE TO FURNISH COMPLETE**
                                             | **AND ACCURATE ITEMIZED WAGE**
24                                           | **STATEMENTS (VIOLATION OF**
                                             | **CAL. LABOR CODE §§ 226, 226.2**
25
                                             | **(4) ILLEGAL WAGE DEDUCTIONS**
26                                           | **(VIOLATION OF CAL. LABOR**
                                             | **CODE §§ 221, 224, 2802 AND IWC**
27                                           | **WAGE ORDER NO. 9-2001 § 8.**
28                                           | $1000 - 16/21 9-0 603

                                             | 9435 - 16/219-0587

Plaintiffs' Class Action Complaint



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(5) FAILURE TO PAY TERMINATION WAGES (VIOLATION OF CAL. LABOR CODE §§ 201-203)

(6) UNFAIR COMPETITION (VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)

**DEMAND FOR JURY TRIAL**

Plaintiffs' Class Action Complaint

Plaintiff Brian Vester ("Plaintiff Vester") and Plaintiff Joel Morales ("Plaintiff Morales"), ("Plaintiffs") for their Class Action Complaint against Defendants Werner Enterprises, Inc. and Drivers Management LLC ("Defendants" or "Werner") allege upon personal knowledge as to themselves and upon information and belief as to all other matters, based upon the investigation made by and through their attorneys, as follows:

## NATURE OF ACTION

1.    This class action arises out of Defendants' pervasive and repeated failure to pay truck drivers who work or worked exclusively in the State of California in accordance with California law.

2.    Plaintiffs bring this action pursuant to numerous provisions of the California Labor Code and the applicable California wage orders for Defendants' failure to compensate for all time worked, failure to pay separately and hourly for non-driving activities and rest and recovery periods, failure to provide duty free meal/rest periods and/or pay premiums, unlawful wage deductions, failure to furnish complete and accurate itemized wage statements, and failure to pay all accrued wages upon termination of employment for former employees. These wage and hour violations also serve as the predicate acts and practices for unfair competition under the California Business and Professions Code, § 17200, et seq.

3.    Plaintiffs, on their own behalf and on behalf of current and former truck drivers employed by Defendants who work or worked exclusively in the State of California during the Class Period, seek unpaid wages, statutory and liquidated damages, penalties, restitution, reasonable attorneys' fees and costs, interest, and injunctive relief to ensure that the pervasive pattern of alleged wrongs do not recur unchecked in future years.

## JURISDICTION AND VENUE

4.    Venue is proper in this county under California Code of Civil Procedure §§ 395(a) and 395.5. Plaintiffs and class members have or currently perform work for Defendants in this county, and many of the acts alleged herein occurred in this county. Defendants maintain and operate a trucking terminal in Fontana, California, which is located in this county. Plaintiffs and Class Members' trucking routes routinely begin, end, or include a stop at the Fontana

3

Plaintiffs' Class Action Complaint

terminal. In addition, Plaintiffs and Class members frequently perform non-driving work, such as spending time for safety inspections of their truck at this terminal, without being paid separately and hourly for such work. Each Defendant maintains an agent for service of process in this county.

5.     The Court has personal jurisdiction over the Defendants. Defendants are doing business in the State of California and have violated California laws while doing business here. Each Defendant is registered to do business in the State of California and maintains an agent for service of process in California. Defendants have obtained the benefits of the laws of the State of California and its markets.

6.     The Court has jurisdiction over the Plaintiffs' claims as they arise solely under California Law. The putative class consists of approximately one hundred (100) current and former employees. Although the precise amount of damages is unknown at this time, the total amount in controversy exceeds twenty-five thousand dollars ($25,000) and is estimated to be less than five million dollars.

## THE PARTIES

7.     Defendant Werner Enterprises, Inc. is a Nebraska corporation engaged in the business of hauling and delivery of freight by truck, including within the County of San Bernardino and throughout the State of California. It maintains and operates a truck terminal at 10251 Calabash Avenue, Fontana, California. It also maintains an agent for service of process at that address.

8.     Defendant Drivers Management, LLC is a wholly owned subsidiary company of Werner Enterprises, Inc.

9.     Defendants are liable as joint employers of Plaintiffs and Class Members. Werner Enterprises, Inc. exercises control over Drivers Management, LLCs' operations and its implementation of the labor policies and practices affecting Plaintiffs and the Class Members. Defendants have a common address, common ownership, and common financial controls such that they are jointly liable to Plaintiffs and Class Members for unpaid wages and other violations of the California Labor Laws as alleged herein. Plaintiffs refer to Defendants collectively as

1    "Werner" or "Defendants."

2        10.    Plaintiff Brian Vester is a California resident who was employed as a truck driver

3    by Defendants during approximately June or July 2007 through August 2013. During the Class

4    Period, he was assigned to dedicated accounts and worked exclusively within the State of

5    California.

6        11.    Plaintiff Joel Morales is a California resident who is currently employed as a

7    truck driver by Defendants. He began his employment in April 2007. During the Class Period,

8    he was assigned to dedicated accounts and worked exclusively within the State of California.

9                         **CLASS ACTION ALLEGATIONS**

10       12.    Plaintiffs bring this action as a class action pursuant to California Civil Code of

11   Procedure § 382 on behalf of a class (the "Class"), consisting of the following: all current and

12   former employees of Defendants who work or worked for Defendants as truck drivers

13   exclusively in the State of California throughout the period of December 15, 2012 through the

14   date that the Court certifies the Class (the "Class Period").

15       13.    The members of the Class are so numerous that joinder of all members is

16   impractical. While the exact number of class members is unknown at this time and can only be

17   obtained through appropriate discovery, Plaintiffs believe there are approximately hundreds of

18   class members, including current and former employees. Class Members can be identified

19   through Defendants' payroll and other records maintained by the Defendants to track drivers'

20   routes, activities, and GPS locations.

21       14.    Plaintiffs' claims are typical of the claims of the other members of the Class as

22   Plaintiffs and all other members of the Class sustained damages arising out of Defendants'

23   unlawful conduct as complained of herein.

24       15.    Plaintiffs will fairly and adequately protect the interests of the members of the

25   Class and have retained counsel competent and experienced in complex class action litigation.

26   The Class Members work, or have worked, for Defendants as truck drivers and performed work

27   for Defendants exclusively within the borders of the State of California. Therefore, they enjoy

28

Plaintiffs' Class Action Complaint

the same legal rights and protections as Plaintiffs and have sustained similar types of damages as a result of Defendants' failure to comply with California law.

16.     Plaintiffs have no interests that are contrary to or in conflict with those of the other members of the Class.

17.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

18.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. Among the numerous questions of law and fact common to Plaintiffs and the Class are:

   a.   Whether Defendants' compensation system violates Cal. Labor Code, §§ 1194, 1194.2 and 226.2 of the Labor Code by failing to pay Plaintiffs and Class Members separately and hourly for their time spent on their statutory rest and recovery periods and performing non-driving activities;

   b.   Whether Defendants have a policy and practice of failing to provide off duty meal and rest periods in violation of Cal. Labor Code, §§ 226.7, 512 and IWC Wage Order No. 9-2001, §§ 11 and 12;

   c.   Whether Defendants had a policy and practice of failing to pay one hour of premium pay to Plaintiffs and Class Members for each rest break and/or meal period not provided during the Class Period;

   d.   Whether Defendants' system of compensating Plaintiffs and Class Members based on estimated mileage violates California labor laws requiring that employees are paid for all time worked;

   e.   Whether Defendants' itemized wage statements are inaccurate and omit information required under Cal. Labor Code §§ 226 and 226.2;

   f.   Whether Defendants' policy and practice of charging Plaintiffs and Class Members transaction fees to process reimbursements of business-related expenses violates Cal. Labor Code §§ 221, 224 and IWC Wage Order No. 9-2001, § 8;

   g.   Whether Defendants are liable to Plaintiff Vester and Class Members for

6

Plaintiffs' Class Action Complaint

1    termination/waiting time penalties under Cal. Labor Code §§ 201-203;

2    h.  Whether Defendants knowingly and willfully violated various provisions of the

3       California Labor Code entitling Plaintiffs and Class Members to recover statutory

4       and liquidated damages and penalties; and

5    i.  Whether the complained-of wage and hour practices of Defendants constitute

6       unfair business practices in violation of section 17200 of the California Business

7       and Professions Code.

8    19.   Class action treatment is superior to any alternative to ensure the fair and efficient

9 adjudication of the controversy alleged herein. Class action treatment will permit a large number

10 of similarly situated persons to prosecute their common claims in a single forum simultaneously,

11 efficiently, and without duplication of effort and expense that numerous individuals would entail.

12 As a practical matter, absent a class action, there will be no individual lawsuits to recover the

13 wages due to Plaintiffs and the Class because the amounts due and owing to each class member

14 are too small to warrant the filing of individual litigation.  Moreover, Class members would be

15 reluctant to file individual claims for fear of retaliation.  No difficulties are likely to be

16 encountered in the management of this class action that would preclude its maintenance as a

17 class action, and no superior alternative exists for the fair and efficient adjudication of this

18 controversy.

19    20.   Prosecuting separate or individual actions would unnecessarily tax the Court's

20 resources, as well as those of Defendants and individual Class Members. Moreover, prosecuting

21 separate or individual actions could potentially subject individual class members to retaliation, or

22 the fear of retaliation could prevent class members from bringing suit on an individual basis.

23 Without a class action, Defendant will likely retain the benefit of its wrongdoing and will

24 continue a course of action that will result in further harm to Plaintiffs and the members of the

25 Class.

26    21.   Defendants' actions are generally applicable to the entire Class. Prosecution of

27 separate actions by individual members of the Class creates the risk of inconsistent or varying

28 adjudications of the issues presented herein, which, in turn, would establish incompatible

Plaintiffs' Class Action Complaint

1   standards of conduct for Defendants.

2       22.    Because joinder of all members is impractical, a class action is superior to other

3   available methods for the fair and efficient adjudication of this controversy. Furthermore, the

4   amounts at stake for many members of the Class may not be sufficient to enable them to

5   maintain separate suits against Defendants.

6                            **FACTUAL ALLEGATIONS**

7       **A.    Defendants' Trucking Operations in California**

8       23.    Defendants own and operate a trucking company that transports freight

9   throughout the nation. Defendants' trucking operations are predominantly conducted across state

10  lines. However, a portion of Defendants' trucking operations is conducted exclusively within the

11  borders of the State of California.

12      24.    Defendants' dedicated operations, for example, transport haul freight for a

13  specific and dedicated customer. The area of operation (including routes, pick-up, and drop-off

14  locations) for some of these "dedicated accounts" is confined to the State of California.

15      25.    An example of such an account is the Naked Juice account, to which Plaintiffs

16  Vester and Plaintiff Morales were assigned. Plaintiffs, like the other truck drivers assigned to

17  this account transported juice between various locations with the State of California. By virtue of

18  their assignment to this account, they performed and continue to perform all of their work for

19  Defendants (driving and non-driving) within the State of California.

20      26.    Plaintiffs believe that, throughout the Class Period, there are other "dedicated

21  accounts" in which Defendants' truck drivers work exclusively within State of California.

22      **B.    Defendants Fail to Pay Truck Drivers Who Work Exclusively**

23          **in California According to California Labor Laws**

24      27.    Plaintiffs and Class members are current and former employees who, during the

25  Class Period, work or worked for Defendants as truck drivers assigned to California-specific

26  operations where all work (driving and non-driving) is performed exclusively within the State of

27  California.

28

Plaintiffs' Class Action Complaint

8

Case 5:17-cv-00096-GW-DTB

1     28.    Throughout the Class Period, Defendants uniformly compensated Plaintiffs and

2  Class Members on a "cents per-mile," piece-rate basis.

3     29.    Defendants also provided limited supplemental pay that was also earned on

4  piece-rate basis, for example, based on miles driven or the number of stops made on a trip.

5     30.    As a result of its uniform and class-wide piece-rate compensation system,

6  Defendants had a policy and practice of systematically failing to provide separate hourly pay for

7  time spent by Plaintiffs and Class Members on rest and recovery periods and performing other

8  non-driving activities, including but not limited to: waiting time, cleaning or maintaining their

9  trucks, detention time, fueling, safety inspections, moving trailers, mandatory computer-based

10  learning, safety training, work-related paperwork, and a host of other activities that were built-in

11  to their jobs.

12     31.    In or about 2015, Defendants began to pay Plaintiff Morales and members of the

13  Class a flat per diem rate in addition to their mileage pay, regardless of the number of hours

14  worked in a day. Such additional compensation is another form of piece rate pay and likewise

15  failed to satisfy the employer's duty to authorize and pay for rest and recovery periods separately

16  and hourly. *See Shook v. Indian River Transp. Co.*, 72 F. Supp. 3d 1119 (E.D. Cal. 2014).

17     32.    As a result of Defendants' piece-rate compensation system, Defendants

18  intentionally and willfully failed to provide Plaintiffs and Class Members with complete and

19  accurate itemized wage statements as required under Cal. Labor Code, § 226.2. Defendants'

20  wage statements omit the following information required by § 226.2: (i) the total hours of

21  compensable rest and recovery periods; (ii) the rate of compensation for those periods; (iii) the

22  gross wages paid for those rest and recovery periods during the pay period; (iv) the total hours of

23  other nonproductive time; (v) the rate of compensation for that time; and (vi) the gross wages

24  paid for that time during the pay period. *See* Cal. Labor Code 226.2.

25     33.    Plaintiffs and Class Members have suffered injury as a direct result of

26  Defendants' inaccurate and incomplete wage statements. Plaintiffs and Class Members cannot

27  promptly and easily determine, *from the wage statement alone*, their hourly rates and wages

28

owed for time spent on non-driving activities and for rest and recovery periods as well as premiums owed for failure to provide the requisite number of meal and rest periods.

34. During the Class Period, Plaintiffs and Class Members typically work or worked between twelve and fourteen hours per day.

35. Under California law, Plaintiffs and Class Members were entitled to one off-duty thirty-minute meal period after no more than five hours of work during shifts greater than six hours and a second thirty-minute meal period after no more than ten hours of work during shifts greater than twelve hours. Cal. Wage Order 9-2001, ¶ 11. Defendants were also required to authorize and permit Plaintiffs and Class Members to take a paid rest period of at least ten minutes for every four hours, or major fraction thereof, of work. Cal. Wage Order 9-2001, ¶ 12.

36. Defendants' electronic computer systems installed into the trucks automatically remind drivers to take a break after seven and a half hours of driving time and log the driver off the system at or before the eighth hour of driving. However, despite having the ability to do so, Defendants do not attempt to schedule meal and rest breaks for Plaintiffs and Class Members at the shorter time intervals required by California law.

37. Defendants' policy and practice was such that any breaks that were taken were not off-duty breaks, *i.e*, breaks where the employer relinquished control over the employees and the employees were relieved of all duties. Plaintiffs and Class Members were not permitted to leave vehicles unattended for security reasons, except during restroom use. They were instructed to keep eye contact with the vehicle at all times, even while eating. Defendants retained the right to deduct driver pay for losses to the company resulting from failure to comply with security policies. Therefore, given that Defendants never relinquished control and the employees were never relieved of all duties while on assignment, Plaintiffs and Class Members' breaks were not "off-duty breaks" as required by California law.

38. Defendants had a policy and practice of failing to provide Plaintiffs and Class Members with off-duty meal and rest periods to which they were entitled under California law. In addition, Defendants failed to pay premium wages owed for failure to provide meal and rest breaks.

39. During the Class Period, Defendants also failed to compensate Plaintiffs and Class members for all driving activities. Defendants compensated Plaintiffs and Class Members based on estimated mileage of the shortest distance between two destinations in the State of California. As a result, Plaintiffs and Class Members are routinely uncompensated for actual miles beyond the estimated miles they drove to reach a destination. In addition, Defendants frequently failed to compensate Plaintiffs and Class members for other driving activities, including time spent driving empty trailers and time spent making multiple stops (extra pick-ups and drop-offs) on the way to a destination.

40. During the Class Period, Defendants had a policy and practice of making illegal deductions from Plaintiffs and Class Members' accrued wages. Defendants deducted transaction fees directly from Plaintiffs and Class Members' accrued wages to process the reimbursement for monies expended by Plaintiffs and Class Members for business-related purposes.

41. For example, Plaintiffs and Class Members lumper fees (i.e., fees for loading and unloading services), which are expenses necessarily and reasonably incurred in the course of their work. In order to process a reimbursement of this and other similar business expenses, Defendants deducted a $4.00 transaction fee directly from Plaintiffs and Class Members' accrued wages. Defendants did not obtain written authorization to collect such transaction fees.

42. Based on the above-described conduct, Defendants have engaged in unfair competition for purposes of California's Unfair Competition Law, Section 17200, et seq. of the Business and Professions Code.

**FIRST CAUSE OF ACTION**
**Violation of Cal. Labor Code §§ 1194, 1194.2, 221, 223, 226.2**
**and Applicable IWC Wage Orders**
**Failure to Pay for All Time Worked**
**(On Behalf of Plaintiffs and the Class)**

43. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

44. The actionable period for this cause of action is three years prior to the filing of this Complaint through the date of an order certifying the Class.

11

Plaintiffs' Class Action Complaint

45. Cal. Labor Code, §1194 provides, in relevant part, that "any employee receiving less than the legal minimum wage…is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage…including interest thereon, reasonable attorney's fees, and costs of suit."

46. Cal. Labor Code, § 226.2(a) provides in pertinent part:

> For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: (1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

47. Cal. Labor Code, §§ 226.2(a) (3) (A) further provides that "[e]mployees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of:

    (i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

    (ii) The applicable minimum wage.

48. During the Class Period, Plaintiffs and Class Members were paid on a piece-rate basis and were not paid separately and hourly for statutory rest and recovery periods and for time spent performing other non-driving activities. They did not receive the higher of their average hourly rates or minimum wages for rest and recovery periods. They also did not receive at least the California statutory minimum wage for time spent performing non-driving activities.

49. During the Class Period, Defendants also failed to compensate Plaintiffs and Class Members for all driving time as Defendants had a common policy and practice of compensating Plaintiffs and Class Members based on estimated, instead of actual, mileage. As a result, Plaintiffs and Class Members were uncompensated for time spent driving additional miles beyond the estimated miles to reach a destination.

50. Defendants also habitually failed to compensate Plaintiffs and Class members for other driving activities, such as time spent driving empty trailers and time spent making multiple stops (such as extra pick-ups and drop-offs) on the way to a destination.

51. As a result of these common policies and practices, Plaintiffs and Class members

1  were not compensated for all time worked (at either minimum wage or their actual rates of pay).

2       52.     Defendants' consistent and repeated failure to compensate Plaintiffs and Class

3  Members for all time worked lacked good faith. Because Plaintiffs and Class Members are

4  employees who reside in and work exclusively within the State of California, they must be paid

5  in accordance with California law, as opposed to the law of another state.  Further, *Bluford v.*

6  *Safeway Stores, Inc.*, (2013) 216 Cal. App. 4th 86 and its progeny, as well as its codification in

7  Cal. Labor Code 226.2, put Defendants on sufficient notice that truck drivers paid on a piece-rate

8  basis are entitled to be paid separately and hourly for rest and recovery periods and non-driving

9  activities.  Therefore, Defendants' knowingly and willfully violated the California Labor Code in

10 failing to pay Plaintiffs and Class Members for all time worked.

11      53.     Pursuant to Cal. Labor Code, §§ 1194, 1194.2, 226.2 and 218 of the California

12 Labor Code, Plaintiffs, on behalf of themselves and members of the Class, seek their unpaid

13 wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid, interest, and

14 reasonable attorneys' fees and costs as well as injunctive relief.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CAL. LABOR CODE §§ 226.7, 512;**
**IWC WAGE ORDER NO. 9-2001, §§ 11, 12;**
**Failure to Provide Meal Periods and Paid Rest Periods**
**and/or to Pay Premiums**
**(On behalf of Plaintiffs and the Class)**

19      54.     Plaintiffs re-allege and incorporate by reference each and every allegation set

20 forth in the preceding paragraphs.

21      55.     The actionable period for this cause of action is three years prior to the filing of

22 this Complaint through the date of an order certifying the Class.

23      56.     California Labor Code § 226.7(a) provides, "No employer shall require any

24 employee to work during any meal or rest period mandated by an applicable order of the

25 Industrial Welfare Commission."

26      57.     IWC Wage Order No. 9-2001, § 11 provides, in pertinent parts:

27          (A) No employer shall employ any person for a work period of more than

28          five (5) hours without a meal period of not less than 30 minutes...

Plaintiffs' Class Action Complaint

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived… .

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

58.    IWC Wage Order No. 9-2001, § 11 provides, in pertinent parts:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

59.    Plaintiffs and Class Members typically worked twelve to fourteen hours per day. Defendants had a policy and practice of failing to provide them with their statutorily required off-duty rest and meal periods.

60.    Plaintiffs and the Class seek recovery of premium hours for missed meal and rest periods (plus statutory penalties under the IWC Wage Order 9-2001, § 20 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide Plaintiffs and Class Members with meal and rest breaks as required by California law.

61.    Plaintiffs also seek injunctive relief to stop Defendants from continuing to fail to provide meal and rest breaks and any other relief the Court deems proper.

**THIRD CAUSE OF ACTION**
**Violation of Cal. Labor Code §§ 226, 226.2**
**Failure to Furnish Complete and Accurate Itemized Wage Statements**
**On Behalf of Plaintiffs and the Class**

62.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.     The actionable period for this cause of action is one year prior to the filing of this Complaint through the date of an order certifying the Class.

64.     Cal. Labor Code, § 226(a) of the California Labor Code provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of the hours worked at each hourly rate by the employee.

65.     Cal. Labor Code, § 226.2 further provides that the itemized statement required by § 226(a) must also separately state the total hours of compensable rest periods, the rate of compensation for such periods, and the gross wages paid for those rest periods each pay period. Cal Labor Code, § 226.2(a)(2). Section 226.2(a)(2)(B) further requires that the wage statements include the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time period.

66.     Section 226(e) provides that an employee is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

67.     As set forth above, Defendants knowingly and willfully furnished Plaintiffs and Class Members inaccurate and incomplete itemized wage statements. Defendants' itemized

1  wage statements omitted the following information required by Cal. Labor Code 226.2: (i) the

2  total hours of compensable rest and recovery periods; (ii) the rate of compensation for those

3  periods; (iii) the gross wages paid for those rest and recovery periods during the pay period; (iv)

4  the total hours of other nonproductive time; (v) the rate of compensation for that time; and (vi)

5  the gross wages paid for that time during the pay period. *See* Cal. Labor Code 226.2.

6       68.    Plaintiffs and Class Members have suffered injury under Cal. Labor Code §

7  226(e)(2)(B) as a direct result of Defendants' common practice of providing inaccurate and

8  incomplete wage statements. Plaintiffs and Class Members cannot promptly and easily

9  determine, from the wage statement alone, their hourly rates and wages owed for time spent on

10  non-driving activities and for rest and recovery periods as well as premiums owed for failure to

11  provide the requisite number of meal and rest periods.

12       69.    Plaintiffs, on behalf of themselves and Class Members, seek to recover an initial

13  penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate

14  penalty of $4000 for each of them, from Defendants pursuant to section 226(e)(1) of the

15  California Labor Code. They further seek injunctive relief to ensure compliance with section

16  226 and an award of costs and reasonable attorneys' fees.

17                    **FOURTH CAUSE OF ACTION**

18                    **Illegal Wage Deductions**

    **[Cal. Labor Code §§ 221, 224, 2802 and IWC Wage Order No. 9 § 8.]**

19                **On behalf of Plaintiffs and the Class**

20       70.    Plaintiffs re-allege and incorporate by reference each and every allegation set

21  forth in the preceding paragraphs.

22       71.    Cal. Labor Code §§ 221 and 224 and IWC Wage Order §§ 8 prohibit an employer

23  from making a deduction from an employees' wages or require any reimbursement from an

24  employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the

25  shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of

26  the employee.

27       72.    Cal. Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or

28  her employee for all necessary expenditures or losses incurred by the employee in direct

Plaintiffs' Class Action Complaint

consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

73.   As alleged in paragraphs 40 through 41, above, Defendants have a policy and practice of charging Plaintiffs and Class Members transaction fees to process reimbursements for business expenses they reasonably and necessarily incurred in the course of completing their job duties. Defendants, without written authorization, deduct such fees from Plaintiffs and Class Members' accrued wages. This class-wide policy and practice violates Cal. Labor Code §§ 221, 224, 2802 and IWC Wage Order No. 9-2001 § 8.

74.   Plaintiffs, on behalf of themselves and members of the Class, seek reimbursement for such wage deductions, plus interest, statutory damages, penalties, reasonable attorneys' fees and costs, recoverable under the California Labor Code as well as injunctive relief to stop Defendants' practice of charging fees for reimbursement of business expenses.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Compensation and Meal/Rest Premiums Due Upon**
**Termination/Waiting Time Penalties Due**
**[Cal. Labor Code §§ 201-203]**
**On behalf of Plaintiffs and the Class**

75.   Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

76.   The actionable period for this cause of action is three years prior to the filing of this Complaint through the date of an order certifying the Class.

77.   California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, the employer is liable for waiting time penalties in the form of continued compensation up to thirty workdays.

78.   Defendants willfully failed to pay Plaintiffs and the Class Members who are no longer employed by Defendants compensation due upon termination including: (i) compensation for all driving time; (ii) compensation for time spent performing non-driving activities and on

Plaintiffs' Class Action Complaint

1  rest and recovery periods; (iii) premiums for failure to provide meal and rest breaks; and

2  compensation for illegal wage deductions, as alleged above, as required by California Labor

3  Code §§ 201 and 202.

4      79.     As a result, Defendants are liable to Plaintiffs and Class Members who are no

5  longer employed by Defendants for waiting time penalties under California Labor Code § 203,

6  plus reasonable attorneys' fees and costs, and any other statutory or equitable relief the Court

7  deems proper.

8                           **SIXTH CAUSE OF ACTION**
9              **Unfair Business Practices and Unfair Competition**
                  **[Cal. Bus. & Prof. Code §§ 17200 et seq.]**
10                   **On behalf of Plaintiffs and the Class**

11     80.     Plaintiffs re-allege and incorporate by reference each and every allegation set

12  forth in the preceding paragraphs.

13     81.     The actionable period for this cause of action is four years prior to the filing of

14  this Complaint through the date of an order certifying the Class.

15     82.     Section 17200 of the California Business and Professions Code, § 17200 prohibits

16  unlawful, unfair, or fraudulent business practices.

17     83.     Defendants have engaged in unlawful and unfair acts and/or practices within the

18  meaning of California Business & Professions Code, section 17200, et seq.

19     84.     Defendants' wage and hour policies and practices are "unlawful" business acts

20  and practices because they violate the Cal. Labor Code, Sections §§ 201-203, 221, 222, 224,

21  226.2, 226.7, 512, 1194, 1194.2, and 2802, the IWC Wage Order No. 9-2001 as alleged herein.

22     85.     Defendants' conduct offends California public policy tethered to the Cal. Labor

23  Code § 90.5(a), which states: "[i]t is the policy of this state to vigorously enforce minimum

24  labor standards in order to ensure employees are not required or permitted to work under

25  substandard unlawful conditions or for employers that have not secured the payment of

26  compensation, and to protect employers who comply with the law from those who attempt to

27  gain a competitive advantage at the expense of their workers by failing to comply with minimum

28  labor standards."

Plaintiffs' Class Action Complaint

86. Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of section 17200 of the California Business and Professions Code, because Defendant's conduct has violated state wage and hour laws as herein described.

87. Defendants' conduct as herein alleged has damaged Plaintiffs and the Class members by wrongfully denying them accrued wages, making improper deductions from their pay, and failing to provide them with meal and rest periods or premium pay in lieu thereof and therefore was substantially injurious to Plaintiff and the Class members.

88. The harm to Plaintiff and members of the Class members as a result of Defendants' wage and hour violations outweighs the utility, if any, of Defendants' policies and practices. Therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of section 17200 of the California Business and Professions Code.

89. Plaintiffs bring this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs and Class Members are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

## JURY DEMAND

1. Plaintiffs hereby demand trial by jury of their and the claims of the putative class members against Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the Class Members, pray for judgment against Defendants as follows:

A. Certification of Plaintiffs' claims as a class action pursuant to Cal. Code of Civ. Pro. § 382, on behalf of the proposed Class;

B. Class notice to all members of the proposed Class;

C. On the First Cause of Action:

i. A declaratory judgment that Defendants violated sections 1194, 1194.2 226.2 of the California Labor Code by failing to pay Plaintiffs and other members of the Class

19

Plaintiffs' Class Action Complaint

hourly wages for their time spent on statutory rest and recover periods (at their regular rate of pay) and other non-driving activities (at least minimum wage) and for all time spent performing driving activities during the Class Period;

      ii.    An award to Plaintiffs and other members of the Class in the amount of their unpaid wages, plus liquidated damages in an additional amount equal to the amount wages unlawfully withheld during the Class Period, as well as an award interest and reasonable attorney's fees and costs.

    D.    On the Second Cause of Action:

      i.    A declaratory judgment that Defendants' policies and practices violate California Labor Code §§ 226.7, 512 and IWC Wage Order No. 9-2001, §§ 11 and 12 failing to provide meal and paid rest breaks for members of the Class during the Class Period;

      ii.    Pursuant to Cal. Labor Code § 226.7, an award to Plaintiffs and the Class Members for an additional hour of pay at the employee's regular rate of compensation for each day that a meal or paid rest break was not provided during the Class Period;

      iii.    An award to Plaintiff and the Class of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure, §§ 1021.5;

    E.    On the Third Cause of Action:

      i.    A declaratory judgment that Defendants violated Cal. Labor Code, §§ 226 and 226.2 by issuing inaccurate and incomplete wage statements to Class Members; and

      ii.    An award to Class members of $50 for each initial pay period in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as an award of reasonable attorney's fees and costs.

    F.    On the Fourth Cause of Action:

      i.    A declaratory judgment that Defendants violated Cal. Labor Code, §§ 221, 224, 2802 226 and IWC Wage Order No. 9-2001 § 8 by making improper deductions from Plaintiffs and Class Members' wages; and

20

ii.     An award of damages and/or restitution to Plaintiffs and Class Members for these deductions plus interest, as well as an award of reasonable attorney's fees and costs.

G.     On the Fifth Cause of Action:

i.     A declaratory judgment that Defendants violated Cal. Labor Code, §§ 201-203 for failure to pay termination wages.

ii.     An award of waiting time penalties to Plaintiff Vester and class members who are no longer employed by Defendants in the form of continued compensation up to thirty workdays after the date of discharge or termination of employment.

H.     On the Sixth Cause of Action:

i.     Restitution to the Plaintiffs and Class, including, but not limited to, the relief permitted by section 1194 of the California Labor Code (i.e., pay for statutory rest breaks, and non-driving tasks to Plaintiff and the members of the Class During the Class Period; and the relief allowed by Labor Code section 226.7 for premium payments due for each day that a paid rest period was not authorized to Plaintiff and the Class during the Class Period);

ii.     An award to Plaintiff and the Class of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Labor Code, §§ 1194 and Cal. Code of Civil Procedure, §§ 1021.5; and

I.     Injunctive Relief in the form of an Order from the Court requiring Defendants to cease the complained-of wage and hour policies and practices and further requiring Defendants to issue new itemized wage statements that comply with the California Labor Code; and

J.     All other relief as this Court deems proper.

Dated: December 15, 2016         PARASMO LIEBERMAN LAW

By: _Grace E. Parasmo_
Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046

21

Plaintiffs' Class Action Complaint

From: Parashu Lebowman Fax (877) 501-3346    To: Document 1-1 Fax: (909) 888-8888    Filed 01/20/17    Page 23 of 23 Page ID #:36

Case 5:17-cv-00096-GW-DTB    Document 1-1    Filed 01/20/17    Page 23 of 23   Page ID #:36

1   Telephone: (844) 200-5623
    Facsimile: (877) 501-3346

2

3   Judith L. Spanier (pro hac vice to be filed)
    jspanier@abbeyspanier.com
    Nancy Kaboolian (pro hac vice to be filed)
4   nkaboolian@abbeyspanier.com

5   ABBEY SPANIER LLP
    212 East 29th Street
6   New York, NY 10016
    Telephone: (212) 889-3700
7   Facsimile:  (212) 684-5191

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Class Action Complaint

22